IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTINA K. BUTLER,** | ) | |
| | ) | **Case No. 1:25-CV-15452** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Judge: Joan H. Lefkow** |
| **vs.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | **Magistrate Judge: Jeannice W. Appenteng** |
| | ) | |
| **Defendant.** | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Christina K. Butler ("Plaintiff"), and Lincoln files a counterclaim through its undersigned counsel and alleges as follows:

## I. NATURE OF THE ACTION

This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., and specifically under 29 U.S.C. §1132(a)(1)(B), to recover long-term disability ("LTD") benefits wrongfully terminated by Defendant, to enforce Plaintiff's rights under the terms of the LTD plan, and to clarify Plaintiff's right to future benefits.

Plaintiff seeks reinstatement of LTD benefits, payment of past-due benefits, pre- and post-judgment interest, attorney's fees and costs, and all other relief permitted by ERISA.

**ANSWER: Lincoln admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits it issued Group Disability Income Policy numbered GD/GF3-840-445056-01 (the "Policy") to Edward-Elmhurst Health ("Edward-Elmhurst"), which Policy, at certain times, insured benefits paid by the Edward-Elmhurst Health Long Term Disability Plan ("the LTD Plan") sponsored by Edward-Elmhurst to provide certain benefits to participating, eligible employees of Edward-Elmhurst. Lincoln**

**admits Plaintiff was, at certain times, employed by Edward-Elmhurst and was, at certain times, a participant in the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Section I of the Complaint.**

**II. JURISDICTION AND VENUE**

This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2).

**ANSWER: Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Section II of the Complaint.**

**III. PARTIES**

Plaintiff Christina K. Butler is an adult resident of Naperville, Illinois and a participant in an ERISA-governed long-term disability plan. Defendant The Lincoln National Life Insurance Company is the insurer and claims administrator of the plan.

**ANSWER: Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits it issued the Policy to Edward-Elmhurst, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that Plaintiff's claims in the Complaint are governed by ERISA. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Section III of the Complaint.**

## IV. FACTUAL BACKGROUND

Plaintiff was employed as a Floral Designer and Buyer, a physically demanding occupation. Plaintiff became disabled due to ANCA-associated vasculitis, mononeuritis multiplex, neuropathy, foot drop, chronic pain, fatigue, and complications of immunosuppressive therapy. Lincoln initially approved LTD benefits but terminated them on or about December 19, 2024. Plaintiff appealed. Lincoln relied on a paper-only peer review and upheld the denial without a full and fair review.

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Edward-Elmhurst as a Floral Designer and Buyer, and a participant in the LTD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan sponsored by Edward-Elmhurst. Lincoln admits it sent a letter to Plaintiff dated December 19, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent letters to Plaintiff dated August 11, 2025, and September 5, 2025, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Section IV of the Complaint.**

**V. CLAIM FOR RELIEF (ERISA §502(a)(1)(B))**

Lincoln's termination of benefits was arbitrary and capricious and unsupported by substantial evidence. Plaintiff remains unable to perform the material and substantial duties of her own occupation.

**ANSWER: Lincoln denies all allegations contained in Section V of the Complaint.**

**VI. RELIEF REQUESTED**

Plaintiff seeks reinstatement of LTD benefits, back pay, interest, attorney's fees and costs, and any other appropriate relief.

**ANSWER: Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with attorney's fees and costs, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Section VI of the Complaint.**

**VII. JURY DEMAND**

Plaintiff acknowledges ERISA claims are decided by the Court and does not demand a jury trial.

**ANSWER: Lincoln admits the allegations contained in Section VII of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard. Moreover, Lincoln's actions regarding Plaintiff's claim were done in good faith,

and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically

agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 11th day of March 2026.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on the 11th day of March 2026, the foregoing was filed electronically and that service of same on all individuals and/or counsel of record will be made by the Court's CM/ECF system as follows:

Christina Butler
Email: ChristinaButler215@gmail.com

/s/ Iwana Rademaekers
Iwana Rademaekers